**DRAKOFF v. MORAYS MFG. CO., Inc., et al.**
**No. 333.**

District Court, E. D. New York.
Nov. 6, 1939.

Edward T. Kruglak, of New York City, for plaintiff.

Percy Freeman, of New York City, for defendant Morays Mfg. Co., Inc.

Frank & Gonnet, of New York City, for defendant Dimitry F. Matushenko.

MOSCOWITZ, District Judge.

This is an action for alleged infringement of claim 1 of Patent No. 1,754,959 issued to Dimitry F. Matushenko, on April 15, 1930.

Claim 1 of the Matushenko Patent No. 1,754,959 reads as follows:

"1. In a bracelet lock, the combination with a block adapted to be attached to one end of a bracelet and provided with a slot adapted to engage the other end of said bracelet, of an inner bar pivotally mounted on said block and adapted to cover said slot with said other end of said bracelet, means to resiliently retain the free end of said bar when said bar is in an operating position, an outer closing bar for said slot and said inner bar, means to pivotally support said outer bar on said block, and means to resiliently retain the free end of said outer bar on said block."

The patent relates to bracelet locks. The objects thereof, as set forth in the patent, are as follows:

"My invention relates to bracelet locks and has a particular reference to devices for locking together two halves of a bracelet on a wearer's arm.

"In order to be convenient for use and practical, a locking device must be very small, it must not be too conspicuous on a piece of jewelry and, at the same time, it must be so constructed as to be easily locked or unlocked by the user.

"Ordinary bracelet locks, while fulfilling the above requirements more or less satisfactorily, are usually very unreliable, quickly wear out and often become accidentally unlocked, causing a loss of valuable jewelry.

"In order to provide a reliable lock which will be safe against an accidental unlocking while in use, I devised a locking device with a double locking feature, so that in case of failure of one locking member the other will still retain the parts of the bracelet joined together, thereby preventing its opening."

Plaintiff, Peter I. Drakoff, and the defendant, Dimitry F. Matushenko, are the owners of the patent. Dimitry F. Matushenko failed to join with plaintiff in this action against defendant, however upon the trial he withdrew his defense.

Defendant, Morays Manufacturing Co., Inc., is a corporation organized under the laws of the State of New York, and is the manufacturer of the alleged infringing de-

vice (Plaintiff's Exhibit 3). Plaintiff's Exhibit 4 represents plaintiff's commercial product.

■ The test of infringement should not be between plaintiff's construction (Plaintiff's Exhibit 4) and defendant's construction (Plaintiff's Exhibit 3). The proper test of infringement is to compare defendant's machine with the claim of the patent in suit. Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 39 F.2d 769.

Plaintiff's commercial device (Plaintiff's Exhibit 4) differs materially from the patent in suit. The inner and outer locking bar on plaintiff's Exhibit 4 are on a single pivot instead of on independent pivots. The patent provides for a spring tail. Plaintiff's Exhibit 4 has no spring tail. The end of the inner locking bar (Plaintiff's Exhibit 4) contains no hole in its end.

■ Defendant's commercial device does not infringe claim 1 of plaintiff's patent. It follows more closely the Yount Patent No. 1,583,330 which was not cited by the Patent Office against the patent in suit.

The Court has adopted, with some modifications, the following findings of fact and conclusions of law submitted by the defendant:

Figs. 1, 2, and 3 of the patent in suit disclose a bracelet lock comprising a block with a groove running longitudinally through the middle thereof forming side walls, and with a transverse opening or slot cut through both of the side walls for the reception of the end link of a bracelet or chain. It discloses an inner closing bar pivoted between the walls and arranged to overlie the bracelet or chain link which may rest in the slot, and this closing bar has a spring tail which tends to resist the closing of the said bar, the free end of the bar having a hole to slidably fit over a hooked pin which locks the bar in closed position when pressure is applied to the end of the bar. This pin holds the bar so locked until the pin is manually deflected sufficiently to disengage the hook from the edge of the hole in the bar. There is also an additional locking bar separately pivoted between the walls adjacent to the pivot of the first locking bar and arranged to swing in the same direction as the first locking bar, and to overlie the first locking bar. This second or outer locking bar is provided at its free end with a hook adapted to yieldingly engage a notch at the end of the block so as to hold the outer locking bar in closed position over the inner locking bar. To open the bracelet lock it is necessary first to force the outer locking bar out of engagement with the notch in the block, and to turn it into inoperating position, and then to push the end of the hooked pin outwardly to flex it until the edge of the hole in the inner locking bar clears the hook. The inner locking bar then snaps open under the influence of its spring tail, taking a position shown in Fig. 1.

Plaintiff's commercial device, which was never manufactured commercially, in evidence as Exhibit 4, differs from the patent in suit in that the inner and the outer locking bar on the commercial device are both on a single pivot instead of on independent pivots as shown in the patent; the inner locking bar of the commercial device is devoid of the spring tail required in the patent; the free end of the inner locking bar of the commercial device is devoid of the hole in its end as shown in the patent, to engage over a hooked-end pin as shown in the patent; and the commercial device also lacks the hooked-end pin shown and described in the patent.

In plaintiff's commercial device, when the outer locking bar is raised from its locking engagement, the inner locking bar may be disengaged from its frictional engagement with the block at the same time so that both inner and outer locking bars may be raised at the one time, both bars being on the same pivot.

In defendant's commercial device, exhibit G, the outer locking bar must first be raised to an upright or vertical position in order that its fulcrumed or pivoted end may clear the free end of the inner locking bar, which may then be lifted to inoperative position. In defendant's device, the inner locking bar and the outer locking bar are pivoted on opposite ends of the block and swing in opposite directions to cover the slot which holds the end link of a bracelet chain.

Defendant's commercial device, Exhibit G, follows more closely the structure of the Yount patent than it does the structure of the patent in suit.

The Yount patent discloses a chain connector, and Yount states it an object of his invention to provide a device of this character which may be employed as a link in any chain of the link type.

■ The claim of the patent in suit must be strictly interpreted in view of the

earlier Yount patent which was not cited by the Patent Office.

Defendant's bracelet lock, Exhibit G, is not produced in accordance with the teaching of Matushenko's patent in suit, and does not represent Matushenko's device.

The claim in suit applies as well to the Yount device as to defendant's device, and any limitations read into the claim to save its validity over Yount, makes it inapplicable to defendant's device.

Defendant's structure does not infringe claim 1 of the patent in suit.

Claim 1 of the patent in suit is not infringed by defendant's structure.

In view of the above disposition that there is no infringement, it is unnecessary to pass upon the validity of the patent.

The bill of complaint should be dismissed.

Settle findings and decree on notice.